UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARA MINERALS CORP., a Nevada corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CARNEGIE MINING AND EXPLORATION, ) <br> INC., a Panamanian corporation, ) <br> ) <br> Defendant. ) | Case No.  2:11-cv-01816-KJD-GWF <br><br> **ORDER** <br><br> Motion to Quash Service (#10) |

This matter comes before the Court on Defendant's Motion to Quash Service (#10), filed on February 2, 2012; Opposition to Defendant's Motion to Quash Service (#11), filed on February 16, 2012; and Reply to Plaintiff's Opposition to Defendant's Motion to Quash Service (#14), filed on March 3, 2012.

### BACKGROUND

On November 10, 2011, Plaintiff filed its complaint for declaratory relief against Defendant Carnegie Mining and Exploration (CME) relating to an Option Agreement entered into by the parties.  On January 12, 2012, Plaintiff attempted service on Defendant by leaving a copy of the summons and complaint with a guard outside the residence of Shaul Baruch.  Defendant argues that Plaintiff's service was ineffective because Shaul Baruch is neither a former nor current officer of CME, and therefore is not authorized to accept service.  Plaintiff however argues that Mr. Baruch is a director of CME and therefore is an agent of the Defendant upon whom the complaint may be served.

. . .

**DISCUSSION**

Fed. R. Civ. P. 4(h)(1)(B) authorizes service of process on a foreign corporation by "... delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process...." The Ninth Circuit provides the following guidance when determining whether service of process on an individual on behalf of a corporation is proper:

> Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." Generally, "[t]he determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization."

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988).

Here, the Court finds that there is sufficient evidence to support a finding that Shaul Baruch was in such a position as to render the service fair, reasonable and just to imply the authority on his part to receive service. The Articles of Incorporation dated June 30, 2011 state that Mr. Baruch is a director of the corporation. *See Plaintiff's Opposition* (#11), Exhibit 1. Further, Mr. Baruch identified himself as a director of CME in a letter to Plaintiff dated October 4, 2011. *See Plaintiff's Opposition (#11)*, Exhibit 2.

Defendant claims that the Articles of Incorporation were amended on September 13, 2011 to remove Mr. Baruch as director of CME, but actual notice of such change was not forwarded to Mr. Baruch's attorney until October 6, 2011 and thereafter received by Mr. Baruch. Defendant however fails to provide the Court with a copy of the amended Articles of Incorporation or the certificate reflecting such amendment. The only documents to support this claim are affidavits of CME's attorney and secretary, which appear to be executed for the purpose of this motion. Absent any additional documentation supporting CME's contention that Mr. Baruch was removed as a director, the affidavits submitted by Defendant are not sufficient evidence of such. The Court

therefore finds that Mr. Baruch was a director of CME and/or was a person in such a position as to render the service fair, reasonable and just to imply the authority on his part to receive service.

The Court further finds that Defendant had sufficient notice of the complaint such that the purpose of Rule 4 was fulfilled. Rule 4 is a flexible rule and should be "liberally construed so long as a party receives sufficient notice of a complaint." *See Eclat*, 840 F.2d at 688. Defendant's prompt filing of this motion and their activity in this case indicates that Defendant has sufficient notice of this case and the claims alleged in the complaint. Pursuant to Rule 12(a)(4), Defendant's answer is due within 14 days from the date of this order. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Quash Service (#10) is **denied**. Defendant's answer is due no later than **Wednesday, March 21, 2012.**

DATED this 7th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3