UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARA MINERALS CORP., <br><br> Plaintiff, <br><br> v. <br><br> CARNEGIE MINING AND EXPLORATION, INC., <br><br> Defendant. | Case No. 2:11-CV-01816-KJD-GWF <br><br> **ORDER** |

Before the Court is Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction, for Failure to State a Claim, and for Failure to Exhaust Non-Judicial Remedies (#18). Plaintiff filed a response in opposition (#20) to which Defendant replied (#25).

I.  Background

Plaintiff Tara Minerals Corp., ("Tara") entered into contractual agreement with Defendant Carnegie Mining and Exploration Inc. ("Carnegie") on or about August 8, 2011. Section 13.1 of the Option Agreement ("Agreement")states:

> If a dispute arises out of or relates to this Agreement, or the breach or validity thereof, or in respect of the legal relationship associated with or derived from this Agreement, and the dispute cannot be settled within 60 days through negotiation or mediation, then either Party may file an action seeking to resolve the dispute.

Plaintiff filed suit on November 10, 2011. The parties entered mediation on or about November 7, 2011. Plaintiff terminated mediation on or about January 6, 2012. Defendant filed the instant motion on March 21, 2012.

II.  Analysis

    A.  Defendant's Reply in Support of Defendant's Motion to Dismiss

It is impermissible to introduce new arguments or evidence in a reply brief. White v. City of Sparks, 341 F. Supp. 2d 1129, 1134 (D. Nev. 2004) aff'd, 500 F.3d 953 (9th Cir. 2007). Defendant's Reply (#25) makes new legal arguments based upon new evidence. Therefore, to the extent the Reply brief raises new arguments, the Court declines to address them.

    B.  Legal Standard

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Under Iqbal, the Court engages in two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers these allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

### C. Clear and Unambiguous Language

"When a contract contains clear and unequivocal provisions, those provisions shall be construed to their usual and ordinary meaning." Keife v. Metro. Life Ins. Co., 797 F. Supp. 2d 1072, 1075 (D. Nev. 2011) citing Dickenson v. State, Dept. of Wildlife, 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994).

Here, all but one of Defendant's arguments rest upon the presumption that the language of the agreement prohibits Plaintiff from filing suit on November 10, 2010. Section 13.1 requires either negotiation or mediation, and permits the filing of suit if these alternatives are insufficient. However, even Plaintiff is prevented from filing suit for sixty (60) days, Plaintiff's delay in serving Defendant until January 12, 2012 satisfies this requirement. Further, the sixty (60) days has long expired, and judicial economy dictates that this Court deny the motion to dismiss this case rather than dismiss and order the parties to futile negotiations. Accordingly, Plaintiff was not impermissibly premature in filing the present action.

Defendant has argued that this Court lacks subject matter jurisdiction over this matter due solely to the "premature" filing of the action. Defendant has further argued that Plaintiff has failed to state a claim upon which relief can be granted not because of any factual deficiency, but only because the complaint was filed "prematurely." Since Plaintiff did not file and serve the action prematurely, Defendant's Motion is denied.

### D. Exhaustion of Mandatory Non-Judicial Remedies

"The exhaustion doctrine gives administrative agencies an opportunity to correct mistakes and conserves judicial resources." Allstate Ins. Co. v. Thorpe, 123 Nev. 565, 571-72, 170 P.3d 989, 993-94 (2007). Defendant argues that this matter should be dismissed as Plaintiff has failed to exhaust all mandatory non-judicial remedies by discontinuing mediation. However, Defendant has provided no authority suggesting that the exhaustion doctrine applies to private contracts. Furthermore, the clear and unambiguous language of the contract does not require mediation, but only proffers it as an alternative to negotiation. Accordingly, Defendant's Motion is denied.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#18) is **DENIED**.

DATED this 11th day of July 2012.

_____
Kent J. Dawson
United States District Judge